United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Sream, Inc., Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17–22518-Civ-Scola |
| | ) | |
| MLF Tobacco Shop, LLC, Defendant. | ) | |

## Order on Plaintiff's Motion to Strike

The Plaintiff, Sream, Inc. ("Plaintiff"), brings this lawsuit against MLF Tobacco Shop LLC ("Defendant"), asserting claims of trademark counterfeiting, trademark infringement, and false designation of origin. This matter is before the Court upon the Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses (ECF No. 14). For the reasons set forth in this Order, the Court **denies** the motion.

1. **Background**

The Plaintiff has filed approximately 95 actions in the Southern District of Florida since September 2016, all of which allege similar claims of counterfeiting, trademark infringement, and false designation of origin. On July 6, 2017, the Plaintiff filed its complaint against the Defendant. (ECF No. 1.) On August 22, 2017, the Defendant filed its Answer and Affirmative Defenses asserting nine affirmative defenses. (ECF No. 9.) Pursuant to Federal Rule of Civil Procedure 12(f), the Plaintiff now moves to strike affirmative defenses six, seven, and nine, claiming that each is actually a mere denial of the complaint's allegations and therefore not properly pled as an affirmative defense. (Mot. at 3-4, ECF No. 14.)

2. **Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has broad discretion in ruling on a motion to strike. *Badilo v. City of Deerfield Beach*, No. 13-60057-CIV, 2013 WL 3762338, at *1 (S.D. Fla. July 16, 2013) (Rosenbaum, J.). "Striking allegations from a pleading, however, 'is a drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken allegations have 'no possible relation to the controversy.'" *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). In addition, "pleadings are only allegations, and allegations are not evidence of the truth of what is alleged." *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n. 8

(11th Cir. 2012). Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (Ryskamp, J.).

### 3. Analysis

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (Cohn, J.). A defense that addresses a defect in the plaintiff's claim is not, however, an affirmative defense. *Id.* An affirmative defense is insufficient as a matter of law where: "'(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (Torres, J.) (quoting *Microsoft Corp. v. Jesse's Computers & Repair Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

### A. The Standing Defenses

The Defendant's sixth affirmative defense asserts that the Plaintiff lacks standing to the extent that it had not acquired rights in writing to its mark prior to the alleged infringement. (Answer at 6, ECF No. 9.) Similarly, the Defendant's seventh affirmative defense asserts that the Plaintiff's claim should be barred because the Plaintiff, lacking an exclusive license of the mark at issue, has no standing to pursue any relief. (*Id.*)

The Plaintiff moves to strike the Defendant's sixth and seventh affirmative defenses because the defenses are mere denials of the Plaintiff's prima facie case, and therefore not proper affirmative defenses. (Mot. at 3-4, ECF No. 14.) The Plaintiff argues in the alternative that the Defendant's sixth and seventh affirmative defenses should be treated as denials. (*Id.*) The Defendant responds that many courts have allowed standing to be pled as an affirmative defense. (Resp. at 1-2, ECF No. 15.)

Although many courts differ in their position as to whether standing qualifies as an affirmative defense, the Eleventh Circuit has held that "[t]he party invoking federal jurisdiction bears the burden of proving standing." *Bischoff v. Osceola Cty.*, 222 F.3d 874, 878 (11th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The Eleventh Circuit has also noted that "it is well established that the party asserting an affirmative defense usually has the burden of proving it." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (internal quotation omitted). This means that, under Eleventh Circuit jurisprudence, the Defendant's standing defenses do not qualify as affirmative defenses.

However, the Defendant's standing defense "whether regarded as a specific denial or an affirmative defense . . . still 'serve[s] the laudable purpose

of placing [p]laintiff and the [c]ourt on notice of certain issues [d]efendant intends to assert against [p]laintiff's claim.'" *Muschong v. Millennium Physician Grp., LLC*, No. 2:12-CV-705, 2014 WL 3341142, at *3 (M.D. Fla. July 8, 2014) (quoting *Inlet Harbor Receivers, Inc. v. Fid Nat'l Prop. & Cas. Inc. Co.*, No. 6:08-CV-346, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008)). "An affirmative defense is sufficient when it raises substantive factual or legal questions and there is no showing of prejudice to the movant." *Guididas v. Cmty. Nat. Bank Corp.*, No. 8:11-CV-2545, 2013 WL 230243, at *2 (M.D. Fla. Jan. 22, 2013).

The Defendant's sixth and seventh affirmative defenses "provide sufficient notice to [P]laintiff of the grounds on which" the Defendant seeks to defend the lawsuit. *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (Hurley, J.). The Defendant's affirmative defenses on standing are "not insufficient nor frivolous and should not be stricken." *Guididas*, 2013 WL 230243, at *2. Therefore, the Court denies the Plaintiff's motion as it relates to the Defendant's sixth and seventh affirmative defenses.

### B. The Innocent Infringer Defense

The Defendant's ninth affirmative defense asserts that even if the Defendant were to be held liable for any infringement, the Defendant was without knowledge or wrongful intent and therefore cannot be held to have willfully infringed. (Answer at 6, ECF No. 9.) The Plaintiff moves to strike the ninth affirmative defense, arguing that it is merely a denial of the Plaintiff's allegation in paragraph 32 of the complaint. (Mot. at 4.) The Defendant responds that the ninth affirmative defense asserts the innocent infringer defense, which goes to the Plaintiff's available remedies. (Resp. at 2.) Essentially, the ninth affirmative defense suggests that the Plaintiff's damages are statutorily limited by 15 U.S.C § 1117(b) and that the Plaintiff therefore is not entitled to treble damages. The Plaintiff does not respond to this clarification. (*See generally*, Reply at 1-4.)

Although innocent infringement may be used to limit statutory damages awarded in an infringement claim, it is not an affirmative defense to liability for an infringement claim. 15 U.S.C § 1117(b); *PK Studios, Inc. R.L.R. Invs., LLC*, No. 2:15-CV-389, 2016 WL 4529323, at *4 (M.D. Fla. Aug. 30, 2016). As to whether this statutory limitation qualifies as an affirmative defense, however, "courts are divided as to whether [the] statutory limitation is an affirmative defense." *Sream, Inc. v. Smoke Box, Inc.*, No. 17-cv-61338, 2017 WL 4518462, at *4 (S.D. Fla. Oct. 10, 2017) (Bloom, J.) (citing *Carter v. United States*, 333 F.3d 791, 796 (7th Cir. 2003)). Given the disagreement among courts as to whether the statutory limitation is an affirmative defense, the Defendant's ninth affirmative defense is not invalid as a matter of law. *See Home Mgmt.*

*Solutions, Inc.*, 2007 WL 2412834, at *2. As such, the Court denies the motion to strike as it relates to the Defendant's ninth affirmative defense.

### 4. Conclusion

Accordingly, the Court **denies** the Motion to Strike Defendant's Answer and Affirmative Defenses (**ECF No. 14**).

**Done and ordered** at Miami, Florida, on October 24, 2017.

_____
Robert N. Scola, Jr.
United States District Judge